FILED IN CHAMBERS
U.S.D.C. Rome

MAY 07 2010

JAMES N. HATTEN, Clerk
By: _____
Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

TILLOTSON CORPORATION,

      Plaintiff,

    v.

SUPERMAX CORPORATION BHD. ET
AL.,

      Defendants.

CIVIL ACTION

NO. 4:07-CV-193-RLV

## REVISED SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan completed and filed by parties, the court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court , except as herein modified:

_____

_____

_____

SO ORDERED, this 7ᵗʰ day of May, 2010.

_____
ROBERT L. VINING, JR.
Senior United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

TILLOTSON CORPORATION,

      Plaintiff,

    v.

SUPERMAX CORPORATION
BHD. ET AL.,

      Defendants.

Civil Action No.:
4:07-CV-193 (RLV)

## REVISED PRELIMINARY REPORT AND DISCOVERY PLAN

Pursuant to the Notice filed with the Court on April 8, 2010 (Docket No. 90), Plaintiff Tillotson Corporation ("Tillotson") and Defendants Smart Glove Corporation Sdn. Bhd., PT Smart Glove Indonesia and Smart Glove Holdings Sdn. Bhd. (collectively, "Smart Glove"), and Pharmatex USA, Inc., Shamrock Manufacturing Company, Inc., Hartalega Holdings Bhd., Hartalega Sdn. Bhd., Kossan Gloves, Inc., Kossan Rubber Industries Bhd., Laglove (M) Sdn. Bhd., Perusahaan Getah Asas Sdn. Bhd., PT Haloni Jane, PT Shamrock Manufacturing Corporation, Riverstone Resources Sdn. Bhd., YTY Holdings Sdn. Bhd. and YTY Industry (Manjung) Sdn. Bhd. (collectively, the "K&E Defendants," and together

with Tillotson and Smart Glove, the "Parties") hereby file the following Revised Preliminary Report and Discovery Plan.[1]

1.    **DESCRIPTION OF CASE:**

(a)    **Describe briefly the nature of this action:**

Tillotson's Statement.

This is an action by Tillotson for patent infringement under the Patent Laws of the United States, Title 35 of the United States Code. Tillotson seeks injunctive relief, damages, treble damages, costs, and such further legal and equitable relief as the Court deems just and equitable. Defendants deny that Tillotson's patent is valid, enforceable or infringed, willfully or otherwise.

Tillotson commenced this action on September 27, 2007, alleging that each of the Defendants infringes Tillotson's United States Patent No. Re. 35,616 (the "'616 patent"). On October 15, 2008, the Court ordered that this action be stayed until the International Trade Commission's ("ITC") decision in Investigation Nos. 337-TA-608 and 337-TA-612 (the "ITC Actions") became final, including any

---

[1] This Report is a revised version of a Joint Report submitted by all parties on August 29, 2008 (Docket Entry. No. 72) before these proceedings were stayed. It is therefore based on an earlier version of the Local Rules.

appeals. *See* Docket Entry No. 78.  In the ITC Actions, Tillotson filed complaints against numerous respondents alleging violations of Section 337 in the importation into the United States, the sale for importation, and the sale within the United States after importation, of certain nitrile gloves by reason of infringement of certain claims of the '616 patent.  Each of the Defendants (except for PT Smart Glove Indonesia) was a respondent in the ITC Actions.

On December 22, 2008, the ITC rendered a decision in the Investigation affirming the Administrative Law Judge's ("ALJ") determination that there was no violation of 19 U.S.C. § 1337.  Although the ALJ had determined that the vast majority of the accused gloves infringed the '616 patent, he found no violation because of his belief that the asserted claims are invalid due to an improper enlargement of the scope of the claims during reissue and a defective reissue declaration.  The ALJ rejected all other defenses alleging invalidity or unenforceability of the '616 patent.   The ITC's decision not to issue an enforcement order was affirmed without opinion by the Federal Circuit on December 14, 2009.

The ITC's decision and claim construction rulings, and the Federal Circuit's affirmation of those decisions, have no preclusive effect in this Court.  *In re Convertible Rowing Exerciser Patent Litigation*, 721 F. Supp. 596, 601-03 (D. Del.

3

1989) (citing cases); *Texas Instruments v. Cypress Semiconductor Corp.*, 90 F.3d 1558, 1569 (Fed. Cir. 1996). By statutory authority, United States District Courts alone have original and exclusive jurisdiction to make determinations of patent validity. Under well-settled principles of law, the ITC lacks the statutory authority to "hold" a patent invalid under Title 35. *In re Convertible Rowing Exerciser Patent Litigation*, 721 F. Supp. at 601-03. Similarly, Federal Circuit review of ITC decisions is limited solely to determining whether the ITC correctly determined unfair practices in import trade. As the Court is aware, these issues are addressed in detail in *Tillotson Corporation v. The Safety Zone, LLC*, N.D. Ga. Case No. 06-CV-242-RLV. *See* Tillotson's Opposition to Safety Zone's Motion for Satisfaction or Modification of Judgment Pursuant to Federal Rule of Civil Procedure 60(b) (Docket No. 37). Pursuant to S. Ct. Rules 13 and 30, Tillotson had until March 15, 2010 to appeal the Federal Circuit's decision to the Supreme Court. Tillotson elected not to pursue a further appeal, and, therefore, the stay is no longer applicable.

Defendants' Statement.

Defendants filed their Answers to Tillotson's Complaint prior to the Court's entry of a stay. In their Answers the Defendants denied that they infringed the '616 patent, alleged that the patent is invalid and unenforceable, and raised

4

affirmative defenses, including patent misuse, laches, implied license, and patent exhaustion. Additionally, the Answers raised the lack of personal jurisdiction of the Court over several Defendants.[2]

The Defendants intend to file motions for summary judgment in this action. For example, the Defendants intend to move for summary judgment that the asserted claims of the '616 patent are invalid, including on the same grounds the ITC found the asserted claims are invalid and that the Federal Circuit affirmed. The ITC found that the '616 patent claims were impermissibly broadened during reissue contrary to the proscription of 35 U.S.C. § 251, and that the '616 applicants' reissue declaration was fatally defective under 37 C.F.R. §1.175 for failing to contain certain required disclosures. Defendants are also reviewing additional grounds for which dispositive motion practice may be appropriate.

**(b)    Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence:**

Tillotson's licensees and the Defendants are competitors in the field of manufacturing and selling examination, surgical, and industrial grade gloves made from elastomeric material. Tillotson alleges it owns U.S. Patent No. 5,014,362,

---

[2] Tillotson does not agree that each of the Defendants raised the lack of personal jurisdiction of the Court.

9160269.1

which was reissued as the '616 patent, for an invention titled "Elastomeric Covering Material and Hand Glove Made Therewith." The '616 patent will expire on May 11, 2010. In general, the '616 patent is directed to hand gloves made from elastomeric materials that have particular properties, as described and claimed in the '616 patent.

Tillotson alleges that Defendants have been, and are currently, importing, making, using, offering for sale, and/or selling hand gloves made from elastomeric materials covered by one of more claims of the '616 patent, and that Defendants have been carrying out these activities in the Northern District of Georgia. Tillotson's licensees have placed the required statutory notice on substantially all hand gloves made from elastomeric materials manufactured and sold under the '616 patent. Tillotson has not licensed the '616 patent to Defendants. Tillotson alleges that Defendants knowingly and willfully infringed, and continue to infringe, the '616 patent.

Defendants deny that they infringe the '616 patent and allege that the '616 patent is invalid and unenforceable. Defendants also assert affirmative defenses of patent misuse, laches, implied license, and patent exhaustion. Additionally, several Defendants believe that they have insufficient contacts with the Northern District of Georgia to give rise to personal jurisdiction.

9160269.1

**(c)**    **The legal issues to be tried are as follows:**

(1)    Whether Defendants have infringed the '616 patent;

(2)    Whether the '616 patent is valid and enforceable;

(3)    Whether any infringement of the '616 patent by Defendants

was willful;

(4)    Whether Tillotson's claims are barred by the doctrines of

contract, laches, exhaustion or license;

(5)    Whether Tillotson has engaged in patent misuse; and

(6)    The proper amount of damages, if any.

**(d)**    **The cases listed below (include both style and action number) are:**

(1)    Pending Related Cases:

1.    Tillotson Corporation d/b/a Best Manufacturing

Company v. Top Glove SDN. BHD, et. al., No. 4:05-cv-

00232;

2.    Tillotson Corporation d/b/a Best Manufacturing

Company v. Henry Schein, Inc., et. al., No. 4:07-cv-

00119;

3.    Tillotson Corporation d/b/a Best Manufacturing

Company v. The Safety Zone, No. 4:06-cv-00242; and

7

4.    <u>Tillotson Corporation v. Supermax, Inc., et. al.</u>, No. 4:09-cv-00198

(2)    Previously Resolved Related Cases:

1.    <u>Tillotson Corporation d/b/a Best Manufacturing Company v. Cardinal Health Inc., et al.</u>, No. 07-cv-00120;

2.    <u>Ansell HealthCare Products LLC v. Tillotson Corporation</u>, D. Del. No. 1:06-cv-00527;

3.    <u>Ansell Protective Products Inc. v. Tillotson Corporation</u>, D. Del. No. 1:07-cv-00093;

4.    <u>Ansell HealthCare Products LLC v. Tillotson Corporation</u>, D. Del. No. 1:08-cv-00561;

5.    <u>In the Matter of Certain Nitrile Gloves</u>, Inv. No. 337-TA-608 (consolidated with <u>In the Matter of Certain Nitrile Rubber Gloves</u>, Inv. No. 337-TA-612);

6.    <u>Tillotson Corporation d/b/a Best Manufacturing Company v. West Chester Holdings, Inc.</u>, No. 4:05-cv-00235;

8

7.    <u>Tillotson Corporation d/b/a Best Manufacturing
      Company v. Safeskin Corporation, et. al.</u>, No. 4:99-cv-
      00054;

8.    <u>Tillotson Corp. v. Sempermed USA, Inc.</u>, No. 4:02-cv-
      00199;

9.    <u>Tillotson Corporation d/b/a Best Manufacturing
      Company. v. High Five Products, et. al.</u>, No. 4:02-cv-
      00200;

10.   <u>Tillotson Corp. d/b/a Best Manufacturing Company v.
      Omni  Intl, LLC and Omnigrace (Thailand) Ltd.</u>, No.
      4:02-cv-00261;

11.   <u>Tillotson Corporation d/b/a Best Manufacturing
      Company v. Ammex Corporation</u>, No. 4:04-cv-00286;

12.   <u>Tillotson Corp. d/b/a Best Manufacturing Company v.
      Microflex Corp.</u>, No. 4:05-cv-00077;

13.   <u>Tillotson Corporation d/b/a Best Manufacturing
      Company v. Shijiazhaung Hongray Plastic Products,
      Ltd., et. al.</u>, No. 4:05- cv-00118;

9

14. <u>Tillotson Corp. d/b/a Best Manufacturing Company v. Tradex International, Inc.</u>, No. 4:06-cv-00167;

15. <u>Tillotson Corp. d/b/a Best Manufacturing Company v. Global Glove.</u>, No. 4:06-cv-00241;

16. <u>Tillotson Corp. d/b/a Best Manufacturing Company v. Microflex Corp.</u>, No. 4:05-cv-00077;

17. <u>Tillotson Corp. d/b/a Best Manufacturing Company v. Ansell, Ltd. et. al.</u>, No. 4:07-cv-00110; and

18. <u>Tillotson Corp. d/b/a Best Manufacturing Company v. West Chester Holdings, Inc..</u>, No. 4:05-cv-00235.

**2.    This case is complex because it possesses one or more of the features listed below (please check):**

  X     (1)    Unusually large number of parties

_____    (2)    Unusually large number of claims or defenses

  X     (3)    Factual issues are exceptionally complex

  X     (4)    Greater than normal volume of evidence

_____    (5)    Extended discovery period is needed

  X     (6)    Problems locating or preserving evidence

_____    (7)    Pending parallel investigations or action by the government

10

9160269.1

 __X__  (8) Multiple use of experts

 __X__  (9) Need for discovery outside of the United States boundaries

 __X__  (10) Existence of highly technical issues and proof

**3. COUNSEL:**

 The following individually named attorneys are hereby designated as lead counsel for the Parties:

| | |
|---|---|
| **Tillotson:** | Daniel C. Winston (pro hac vice)<br> dwinston@choate.com<br>G. Mark Edgarton (pro hac vice)<br> medgarton@choate.com<br>Matthew S. Barrett (pro hac vice)<br> mbarrett@choate.com<br>CHOATE, HALL & STEWART LLP<br>Two International Place<br>Boston, MA 02110<br>Ph: 617-248-5000<br>Fax 617-248-4000 |
| **Smart Glove Defendants:** | Peter C. Canfield<br> Ga. Bar No. 107748<br>pcanfield@dowlohnes.com<br>Christopher L. Meazell<br> Ga. Bar No. 500497<br>cmeazell@dowlohnes.com<br>DOW LOHNES PLLC<br>Six Concourse Parkway<br>Suite 1800<br>Atlanta, Georgia 30328<br>Tel: (770) 901-8800<br>Fax: (770) 901-8874 |

9160269.1

Scott M. Daniels (pro hac vice)
sdaniels@whda.com
WESTERMAN, HATTORI, DANIELS
& ADRIAN
1250 Connecticut Ave., NW.
Washington, D.C. 20036
Tel: (202) 822-1100
Fax: (202) 822-1111
(Counsel for Smart Glove and Henry
Schein)

**K&E Defendants:**                 Jane Fugate Thorpe
                                        Ga. Bar No. 279550
                                        jane.thorpe@alston.com
                                    ALSTON & BIRD LLP
                                    One Atlantic Center
                                    1201 West Peachtree Street
                                    Atlanta, GA 30309-3424
                                    Tel: (404) 881-7000
                                    Fax: (404) 887-7777

                                    Christian Chadd Taylor (pro hac vice
                                    application to be submitted)
                                        christian.taylor@kirkland.com
                                    Sarah Forney (pro hac vice)
                                        sarah.forney@kirkland.com
                                    KIRKLAND & ELLIS LLP
                                    950 Page Mill Road
                                    Palo Alto, CA 94304
                                    Tel: (650) 859-7000
                                    Fax: (650) 859-7500

                                    Counsel for K&E Defendants

9160269.1

4.    **JURISDICTION:**

   **Is there any question regarding this Court's jurisdiction?**

   __X__          Yes          ___          No

   If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

   Defendants' Statement.

   Based upon Defendants' investigation to date of Defendants' contacts with the state of Georgia, at least the following Defendants lack sufficient contacts with Georgia to constitute either general or specific jurisdiction under the applicable state long arm statute, Ga. Code Ann. § 9-10-91, or under the United States Constitution: Pharmatex USA, Inc., Shamrock Manufacturing Company, Inc., Kossan Gloves, Inc., YTY Holdings Sdn. Bhd, YTY Industry (Manjung) Sdn. Bhd, Riverstone Resources Sdn. Bhd, Kossan Rubber Industries Bhd, Hartalega Sdn. Bhd, Laglove M Sdn. Bhd, Hartalega Holdings Bhd, PT Shamrock Manufacturing Corporation, and PT Haloni Jane.

   Tillotson's Statement.

   Tillotson disagrees with Defendants' statement above. Tillotson contends that the Court has jurisdiction over each of the Defendants and/or that the Defendants have waived their jurisdictional arguments under the Federal Rules of

Civil Procedure, the Local Rules of this Court, the deadlines applicable to this case

and/or other applicable law.

5.   **PARTIES:**

    **(a)**    **The following persons are necessary parties who have not been joined:**

        None. Tillotson further states that there are numerous unserved

defendants in this case that it anticipates dismissing without prejudice.

    **(b)**    **The following persons are improperly joined as parties:**

        None.

    **(c)**    **The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

        None.

    **(d)**    **The Parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

6.   **AMENDMENTS TO THE PLEADINGS:**

    **Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.**

    **(a)**    **List separately any amendments to the pleadings which the parties anticipate will be necessary.**

        The Parties state that they reserve their rights to amend the Complaint

to reflect developments in the case since the filing of the Complaint on

9160269.1

September 27, 2007.  Based on the schedule that the Parties are proposing, however, the Parties believe that it will be more efficient to refrain from amending the pleadings at this time.

    **(b)**     **Amendments to the pleadings submitted LATER THAN 30 DAYS after the preliminary statement is filed or should have been filed will not be accepted for filing, unless otherwise permitted by law.**

**7.**     **FILING TIME FOR MOTIONS:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed **WITHIN 30 DAYS** after the preliminary statement is filed or should have been filed, unless the filing party has obtained prior permission of the Court to file later. LR 7.1A(2).

    **(a)**     **Motions to Compel: before the close of discovery or within the extension period allowed in some instances. LR 37.1.**

    **(b)**     **Summary Judgment Motions: within 30 days after the close of discovery, unless otherwise permitted by Court order. LR 56.1.**

    **(c)**     **Other Limited Motions: Refer to LR 7.2A, 7.2B, 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.**

    **(d)**     **Motions Objecting to Expert Testimony: Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to local rule 7.2F.**

**8.**     **INITIAL DISCLOSURES:**

The Parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.

Tillotson previously served initial disclosures in accordance with Fed. R. Civ. P. 26 on August 29, 2008. *See* Docket Entry No. 70. The Defendants have not yet served initial disclosures. Based on the schedule proposed by the Parties, the Parties do not believe that it is necessary to exchange initial disclosures at this time. Tillotson reserves its right to serve amended initial disclosures at the appropriate time.

## 9. REQUEST FOR SCHEDULING CONFERENCE:

**Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**

The Parties request a Scheduling Conference with the Court to discuss the proposed Discovery Plan and schedule in this action (including the Parties' disagreement concerning jurisdiction-related motions), and possible consolidation with the pending related actions (N.D. Ga. Case Nos. 05-cv-00232 and 07-cv-00119) for certain purposes, including a consolidated briefing schedule of claim construction and summary judgment issues, as set forth in the proposed schedule below.

## 10. DISCOVERY PERIOD:

**The discovery period commences 30 days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.1A, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

16

Cases in this Court are assigned to one of the following three discovery tracks: (a.) 0-months discovery period, (b.) 4-months discovery period, and (c.) 8-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

The Parties conducted extensive discovery in the ITC Actions concerning many of the same subjects on which discovery may be needed in this case. Therefore, the Parties propose that the Court issue an Order that all relevant discovery from the ITC Actions may be used in this case. The Parties anticipate that this discovery will greatly reduce the further discovery needed in this case, with the exception of damages, although it is possible further discovery will still be needed on:

**(a)**   The development, invention, and prosecution of the subject matter of the '616 patent;

**(b)**   Tillotson's acquisition and exploitation of rights in the '616 patent;

**(c)**   Tillotson's development, manufacture, acquisition, and/or sales of elastomeric hand glove products;

**(d)**   Defendants' acquisition and/or sales of elastomeric hand glove products;

17

**(e)**     Defendants' relationship with any domestic or foreign suppliers of elastomeric hand glove products;

**(f)**     The channels of trade used by the Parties for their respective goods;

**(g)**     The sales reports, analysis, and/or sales and marketing-related data of each of the Parties for their respective goods;

**(h)**     The factual basis for any claims of willful infringement by Tillotson;

**(i)**     The factual basis for any claims of irreparable harm and/or damages by Tillotson;

**(j)**     The factual basis for Defendants' affirmative defense of patent misuse; and

**(k)**     The factual basis for Defendants' affirmative defense of laches.

**(l)**     The factual basis for Defendants' affirmative enablement defense.

**(m)**     The factual basis for Defendants' affirmative best mode defense.

The Parties further refer the Court to the proposed Discovery Plan and schedule set forth below.

**If the Parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

18

9160269.1

The Parties propose the following Discovery Plan and Schedule, which departs from the traditional discovery track set forth in the Patent Local Rules:

First, the Parties believe that it is appropriate and most efficient to consolidate this action with the two related actions currently pending in this Court - N.D. Ga. Case Nos. 05-cv-00232 (the "Top Glove Case") and 07-cv-00119 (the "Schein Case"), pursuant to Fed. R. Civ. P. 42, for certain purposes, including a consolidated briefing schedule of claim construction and summary judgment issues, as explained below. In the Top Glove Case, the Court recently ruled on defendants' motions to dismiss, and Top Glove Sdn. Bhd and TG Medical Sdn. Bhd filed Answers to Tillotson's Complaint and Counterclaims on April 30, 2010. In the Schein Case, the defendants need to file Answers to Tillotson's Complaint.

The Parties agree on a proposed schedule except for timing of the filing of any jurisdiction-related motions. The Parties' positions concerning this issue are explained below. Apart from this issue, the proposed schedule set forth in further detail below follows a process in which, prior to the discovery phase of this case: (a) the Parties will brief and participate in full claim construction proceedings; (b) the Court will issue an Order construing the claims; (c) the Parties will file summary judgment motions on issues arising from the Court's Order following the claim construction Order; and (d) following the Court's claim construction rulings

19

and rulings on motions for summary judgment, the Parties will confer regarding an appropriate schedule to address any remaining infringement issues and defenses. Further, the Parties agree to meet and confer in good faith if one or more Parties believe a reasonable amount of additional discovery is necessary on any topic. Further, a stay of discovery would not prevent a party from supplementing its own production. In support of the proposed schedule, the Parties state as follows:

In the ITC Actions, the Parties conducted extensive discovery and a trial of the claims and defenses that are at issue in this case. The Parties identified to the ITC certain terms that should be construed in connection with determining whether the Defendants' accused gloves infringe Tillotson's '616 patent, and concerning the validity of the '616 patent. There appears to be a significant overlap in the terms that the ITC already construed and the terms that the parties intend to ask the Court to construe in this case, although the Parties reserve their rights to identify additional and/or different terms. Further, the issues in the ITC investigations substantially overlap with this case such that an early claim construction/summary judgment schedule prior to conducting any discovery is sensible. The Parties, therefore, believe that it would be appropriate and more efficient for the Court to construe all the claim terms and resolve summary judgment motions based upon those constructions to preserve resources by

20

avoiding litigation on issues that may be resolved without much, if any, further discovery.

Pursuant to the Parties' proposed schedule:

(1)     The Parties' Simultaneous Exchange of Proposed Claim Terms under Patent LR 6.1 is due on July 30, 2010, provided that (a) all defendants that remain in this case, the Top Glove Case and the Schein Case have filed Answers; and (b) this schedule has been adopted in all three cases on a consolidated basis.[3]

(2)     The Parties' Simultaneous Exchange of Preliminary Claim Constructions under Patent LR 6.2 is due twenty (20) days after the Exchange of Proposed Claim Terms.

(3)     The Parties' Joint Claim Construction Statement under Patent LR 6.3 is due thirty (30) days after the Exchange of Preliminary Claim Constructions.

---

[3] Tillotson anticipates attempting to negotiate similar proposed schedules in the Top Glove Case and the Schein Case.

21

9160269.1

(4)     The Parties' Simultaneous Opening Markman Briefs under

Patent LR 6.5(a) are due thirty (30) days after the Parties' Joint

Claim Construction Statement.

(5)     The Parties' Simultaneous Responsive Markman Briefs under

Patent LR 6.5(b) are due twenty (20) days after the Parties'

Opening Markman Briefs.

(6)     Subject to the convenience of the Court's calendar, the Court

will conduct a Claim Construction Hearing under Patent LR on

or around _____, **2010**.

(7)     The Parties will file all summary judgment motions on issues

arising from the Court's Markman Order within forty-five days

after the issuance of the Order.

(8)     Following these rulings, the Parties will submit a revised

proposed Discovery Plan to address the necessary remaining

discovery and other issues in the case.

<u>Jurisdiction-Related Motions</u>

(a)  <u>Tillotson's Statement.</u>

As set forth above, Tillotson contends that the Court has jurisdiction over

each of the Defendants and/or that the Defendants have waived their jurisdictional

22

arguments under the Federal Rules of Civil Procedure, the Local Rules of this Court, the deadlines applicable to this case and/or other applicable law.

Tillotson further contends that jurisdiction-related motions should not be filed until after the Court issues its rulings on summary judgment motions arising from the Court's Markman Order. The Defendants' proposal to allow the filing of jurisdiction-related motions prior to this time would contravene the very purpose of the schedule that has been proposed by the Parties, which is to focus on issues that have already been litigated through discovery at the ITC proceedings. The Defendants state in Section 4 of this Joint Statement that their "investigation to date" indicates that certain of the Defendants lack sufficient contacts with the State of Georgia. While it is not clear what more the Defendants could have "investigated" about their own contacts that they did not know at the time the suit was filed, the Defendants' proposal, by their own admission, would require discovery. In the circumstances of this case, Tillotson believes that the Parties' attempts to proceed in a more efficient manner would be defeated by addressing discovery-intensive jurisdictional issues at this stage of the case.

### (b) Defendants' Statement.

Tillotson's proposal to stay jurisdictional motions will likely result in inefficiencies and stands to prejudice those Defendants over whom the Court does

23

9160269.1

not have personal jurisdiction.   Under the proposed schedule, jurisdictional motions would not be considered until after a substantial period of time passes that will include *Markman* proceedings and motion practice related to claim construction.   However, one of the purposes of the state long-arm statute and the Constitutional requirement that personal jurisdiction be proper is to avoid forcing parties to litigate in a forum to which they have little or no other connection. *Int'l Shoe Co. v. State of Wash.*, 326 U.S. 310, 316 (1945).   Tillotson's proposal would turn this consideration on its head by requiring a party to litigate the merits of its defense despite not being subject to jurisdiction. *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1090 (10th Cir. 1998) ("Because a court without jurisdiction over the parties cannot render a valid judgment, [the court] must address Defendants' personal jurisdiction argument before reaching the merits of the case.").

Tillotson complains that allowing jurisdictional motion practice will result in additional discovery.   First, even if jurisdictional discovery were to occur, it was Tillotson's choice to sue these particular parties in this particular jurisdiction, and its desire now not to focus on whether this forum is proper should not trump Constitutional safeguards.   Indeed, those safeguards are in place to ensure that parties are only subject to litigation in a forum for which jurisdiction actually

24

exists. *Id.*; *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292-93 (1980). Second, jurisdictional discovery would merely focus on a party's contacts with the state of Georgia, a straightforward and narrow topic relative to discovery related to substantive issues that often arise in complex litigations. And third, it is premature to conclude that discovery will even be necessary. For example, Defendants who have no contacts with the state of Georgia may be able to confirm as much through affidavits or other mechanisms that could prove satisfactory in this regard with little or no need for substantial document productions, depositions and the like. For these reasons, Defendants request that any appropriate jurisdictional motion practice move forward in the normal course.

**11.    DISCOVERY LIMITATION:**

**What changes should be made in the limitation on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

The Parties refer the Court to the Discovery Plan and Schedule proposed above.

**12.    OTHER ORDERS:**

**What other orders do the Parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

Based on the Discovery Plan and schedule proposed in this action, the Parties request that the Court enter an Order that all relevant discovery exchanged

25

9160269.1

by the Parties during the ITC Actions may be used in connection with this action

under the terms of a Stipulated Protective Order that the Parties will submit to the

Court.

**13.    SETTLEMENT POTENTIAL:**

    **(a)    Lead counsel for the Parties certify by their signatures below that they participated in a conference that was held on March 30, 2010 to discuss this Joint Statement , and that they have also participated in settlement discussions.  Other persons who participated in the settlement discussion are listed according to party.**

    **For Tillotson: Lead Counsel**        Daniel C. Winston

**Other Participants for Tillotson**

**For the Smart Glove Defendants:**        Scott Daniels for the Smart Glove and
**Lead Counsel**        Henry Schein Defendants

**Other Participants for Defendants**

    **(b)    All parties were promptly informed of all settlement and following discussion by all counsel, it appears that there is now:**

        (  X  )        A possibility of settlement before discovery.

        (  X  )        A possibility of settlement after discovery.

        (     )        A possibility of settlement, but a conference with the judge is needed.

        (     )        No possibility of settlement.

(c)    Counsel (__X__) do or (_____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is _____, 2010.  Settlement discussions are on-going.

(d)    The following specific problems have created a hindrance to settlement of this case.

## 14.   TRIAL BY MAGISTRATE JUDGE:

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a)    The parties (_____) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the Clerk of Court this ___ day of _____, 2008.

(b)    The parties (___X___) do not consent to having this case tried before a magistrate judge of this Court.

27

9160269.1

**Respectfully submitted this 6th day of May, 2010.**

Attorneys for Plaintiff Tillotson

Attorneys for Smart Glove
Defendants

/s/Christopher J. Chan
Ann G. Fort (GA Bar No. 269995)
   ann.fort@sutherland.com
Christopher J. Chan (GA Bar No. 120498)
   christopher.chan@sutherland.com
SUTHERLAND ASBILL &
BRENNAN LLP
999 Peachtree Street, NE
Atlanta, GA  30309-3996
Tel:  (404) 853-8049
Fax:  (404) 853-8806

/s/Peter C. Canfield
Peter C. Canfield
      Ga. Bar No. 107748
pcanfield@dowlohnes
Christopher L. Meazell
      Ga. Bar No. 500497
cmeazell@dowlohnes
DOW LOHNES PLLC
Six Concourse Parkway
Suite 1800
Atlanta, Georgia  30328
Tel: (770) 901-8800
Fax: (770) 901-8874
(Counsel for Smart Glove and Henry
Schein)

Daniel C. Winston (*pro hac vice*)
   dwinston@choate.com
G. Mark Edgarton (*pro hac vice*)
   medgarton@choate.com
Matthew S. Barrett (pro hac vice)
    mbarrett@choate.com
CHOATE, HALL & STEWART LLP
Two International Place
Boston, MA  02110
Tel: (617) 248-5000
Fax (617) 248-4000

Scott M. Daniels (pro hac vice)
sdaniels@whda.com
WESTERMAN, HATTORI, DANIELS
& ADRIAN
1250 Connecticut Ave., NW.
Washington, D.C. 20036
Tel: (202) 822-1100
Fax: (202) 822-1111
(Counsel for Smart Glove and Henry
Schein)

9160269.1

<u>Attorneys for K&E Defendants</u>

/s/Jane Fugate Thorpe
Jane Fugate Thorpe
 Ga. Bar No. 279550
 jane.thorpe@alston.com
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-9424
Tel: (404) 881-7000
Fax: (404) 887-7777

Christian Chadd Taylor (pro hac vice
application to be submitted)
 christian.taylor@kirkland.com
Sarah Forney (pro hac vice)
 sarah.forney@kirkland.com
Nickolas Bohl (pro hac vice application
to be submitted)
 nickolas.bohl@kirkland.com
KIRKLAND & ELLIS LLP
950 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 859-7000
Fax: (650) 859-7500

29

## CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2010 a true and correct copy of the foregoing **REVISED PRELIMINARY REPORT AND DISCOVERY PLAN** was caused to be filed electronically via CM/ECF in the United States District Court for the Northern District of Georgia, with notice of same being electronically served by the Court, as follows:

Peter C. Canfield
    Ga. Bar No. 107748
pcanfield@dowlohnes
Christopher L. Meazell
    Ga. Bar No. 500497
cmeazell@dowlohnes
DOW LOHNES PLLC
Six Concourse Parkway
Suite 1800
Atlanta, Georgia  30328
Tel: (770) 901-8800
Fax: (770) 901-8874

Scott M. Daniels (pro hac vice)
sdaniels@whda.com
WESTERMAN, HATTORI,
DANIELS & ADRIAN
1250 Connecticut Ave., NW.
Washington, D.C. 20036
Tel: (202) 822-1100
Fax: (202) 822-1111

Jane Fugate Thorpe
    Ga. Bar No. 279550
    jane.thorpe@alston.com
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-9424
Tel: (404) 881-7000
Fax: (404) 887-7777

Christian Chadd Taylor (pro hac vice
application to be submitted)
    christian.taylor@kirkland.com
Sarah Forney (pro hac vice)
    sarah.forney@kirkland.com
Nickolas Bohl (pro hac vice
application to be submitted)
    nickolas.bohl@kirkland.com
KIRKLAND & ELLIS LLP
950 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 859-7000
Fax: (650) 859-7500

30

9160269.1

## CERTIFICATION

Pursuant to L.R. 7.1D, the undersigned counsel hereby certifies that the

foregoing **REVISED PRELIMINARY REPORT AND DISCOVERY PLAN**

complies with the font and point selections approved by the Court in LR 5.1B.  The

foregoing was prepared on a computer using the Times New Roman font (14

point).

This 6th day of May, 2010.

/s/  Christopher J. Chan
Ann G. Fort (GA Bar No. 269995)
   ann.fort@sutherland.com
Christopher J. Chan (GA Bar No. 120498)
   christopher.chan@sutherland.com
SUTHERLAND ASBILL &
BRENNAN LLP
999 Peachtree Street, NE
Atlanta, GA  30309-3996
Tel:  (404) 853-8049
Fax:  (404) 853-8806

9160269.1